# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
### (Orlando Division)

**Case No.:**

PADMA RAJU & ANNA POORNA RAJU,

    Plaintiffs,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.

_____ /

Removed from Circuit Court
of Orange County, Florida
Case No: 2021-CA-11523

## **NOTICE OF REMOVAL**

Defendant Federal Insurance Company (hereinafter "Federal"), by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No. 2021-CA-11523, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1. On December 7, 2021, Plaintiffs Padma Raju & Anna Poorna Raju, (hereinafter "Plaintiffs"), filed Plaintiffs' <u>Complaint & Demand for Jury Trial</u> (hereinafter "Plaintiffs' Complaint" or "Exhibit A.") against Defendant Federal Insurance Company in the Circuit Court of Orange County, Florida. *See Plaintiffs' Complaint & Demand for Jury Trial, attached hereto as "Exhibit A."*

1

2. Plaintiffs allege Defendant issued an insurance policy in favor of Plaintiffs for an insured property located at 8937 Southern Breeze Drive, Orlando, Florida 32836 ("Plaintiffs' Property"), which is within Orange County. *Id*. at ¶5.

3. Plaintiffs allege they suffered a loss on November 11, 2019, and that Defendant denied their claim and thereby breached the insurance contract when it failed to pay the claim. *Id*. at ¶¶ 7, 8, 12-14.

4. Plaintiffs' Complaint only alleges damages that exceed $30,000, sufficient for the jurisdiction of Florida's circuit courts. *Id*. at ¶ 1.

5. Also, Plaintiffs' Complaint is silent as to the *citizenship* of the parties, although the Plaintiffs admit they "were and are Florida residents." *Id*. at ¶ 2.

6. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States.

7. Since the amount-in-controversy stated in Plaintiffs' Complaint was merely "greater than $30,000" and since it was silent as to the citizenship of the parties, as originally filed this action was not removable to federal court.

8. 28 U.S.C § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

9. Defendant Federal Insurance Company is a foreign corporation with its place of incorporation in Indiana and its principal domestic Indiana offices at One America Square, Ste. 2600, Indianapolis, Indiana, and its principal place of business, where its principals are located, is in Whitehouse Station, New Jersey. *See the current listing for Federal Insurance Company on file with the Florida Secretary of state, attached hereto as "Exhibit B."*

10. Therefore, Defendant Federal is a citizen of the states of Indiana and New Jersey.

11. On the morning of Tuesday, January 4, 2022, in response to a request by the undersigned for a settlement demand, Plaintiffs' counsel Thomas Renda, Esq., sent an email containing a global (i.e., inclusive of attorney's fees, costs, etc.) demand of $265,000.00. *See "Exhibit C1," the email from Plaintiffs' counsel of January 4, 2022.*

12. As referenced in *Ex. C1* (as "estimate raju.pdf"), Plaintiffs' counsel also attached to his email an estimate for Plaintiffs' repair or replacement costs alleged to be a result of this loss, which totaled $249,970.06. *See Central Homes LLC's estimate, attached hereto as "Exhibit C2," at p. 5.*

13. Since the undersigned counsel knew the citizenship of Defendant and now knew the amount-in-controversy, the remaining issue was establishing Plaintiffs' citizenship.

14. In the exercise of due diligence, the undersigned checked the records of the Orange County Property Appraiser. The property appraiser's records clearly indicate that Plaintiffs have received a $50,000 exemption for the insured property for calendar years 2018-2021. *See current "property card" for Plaintiffs' Property, from Orange County Florida Property Appraiser, attached hereto as "Exhibit D."*[1]

15. Plaintiffs have applied for and received the Homestead Exemption under the Florida Constitution, per the records of the Orange County Property Appraiser. *See "Exhibit D."* This is consistent with the allegation of Plaintiffs' Complaint that the Plaintiffs "were and are Florida residents." *Ex. A at ¶ 2.*

16. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (Supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, *make it their permanent residence." Robbins v. Welbaum*, 664 So. 2d 1, 2 (Fla. 3d DCA 1995)(emphasis added).

17. Defendant submits that Plaintiffs have verified by such application that they are permanent residents of Florida who reside at the homestead/insured property in Orange County, Florida, and therefore are domiciled in Florida, making

---

[1] Defendant requests the Court take judicial notice of the government records supplied in Exhibits B and D pursuant to Rule 201(c) of the Federal Rules of Evidence.

them citizens of Florida for purposes of diversity jurisdiction. Thus, the parties have diverse citizenship.

18. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

19. Since there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

20. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added)

21. 28 U.S.C. § 1446(c)(3) provides, in pertinent part

> …[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

22. Defendant was served with Plaintiffs' demand establishing the amount in controversy on January 4, 2022. This removal is within 30 days of the earliest notice of potential diversity jurisdiction given by an "other paper" after service of the Plaintiff's Complaint on Defendant.

23. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, because the underlying state court case was filed in the Nineteenth Judicial Circuit in and for Orange County, Florida.

24. A complete copy of all process, pleadings, and orders filed in the Circuit Court of Orange County, Florida in Case No. 2021-CA-11523 is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the Circuit Court of Orange County, Florida, Case No. 2021-CA-11523 2020-CA-8702, are attached hereto.

25. In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is included within other state court documents attached hereto.

**WHEREFORE** Defendant Federal Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida, Orlando Division.

Date: February 2, 2022           Respectfully submitted,

By:   /s/ *David C. Bibb*
David C. Bibb (Fla. Bar No. 190330)
ROLFES HENRY COMPANY, L.P.A.
3191 Maguire Boulevard, Suite 160
Orlando, FL 32803
Telephone:  (407) 284-4990
Email:   dbibb@rolfeshenry.com
           wgonzalez@rolfeshenry.com

Brian P. Henry, Esq. (Fla. Bar No. 0089069)
ROLFES HENRY COMPANY, L.P.A.
5577 Broadcast Court
Sarasota, FL 34240
Telephone:  (941) 684-0100
Email:   bhenry@rolfeshenry.com
           srainwater@rolfeshenry.com

*Attorneys for Defendant*
*Federal Insurance Company*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 2nd day of February 2022:

Thomas Renda, Esq.
Cohen Law Group
350 North Lake Destiny Rd.
Maitland, FL 32751
Emails:    trenda@itsaboutjustice.law
              Robert.klineline@itsaboutjustice.law

*Attorney for Plaintiffs*

                                                  */s/ David C. Bibb*
                                                  David C. Bibb (FBN 190330)